Keith W. EDWARDS, Petitioner,

v.

DEPARTMENT OF JUSTICE, Respondent.

No. 02–3170, 02–3193.

United States Court of Appeals, Federal Circuit.

DECIDED: June 10, 2003.

184

Before CLEVENGER, Circuit Judge, PLAGER, Senior Circuit Judge, and LINN, Circuit Judge.

PER CURIAM.

Keith W. Edwards, who was transferred from employment with the Bureau of Prisons to a position with the Immigration and Naturalization Service (INS), argues that the INS position was a career conditional position, entitled to all the employment rights and protections that accompany such positions. The INS, which found Mr. Edwards' work behavior unsatisfactory, ultimately treated the position as a term appointment, and when the term expired, Mr. Edwards was left unemployed.

This case has had various procedural turns and twists, resulting from INS efforts to remove Mr. Edwards, followed by a Board order to reinstate him. The INS restored Mr. Edwards to a term position, the thirteen-month term of which had already expired. Mr. Edwards petitioned the Board for relief, filing a petition for enforcement of the Board's order of reinstatement and an appeal of his removal. An Administrative Judge (AJ) decided Mr. Edwards' case on the written record; the Board approved the AJ's findings, and rendered its own opinion on the petition for enforcement, upholding the position taken by the INS that Mr. Edwards was appointed to a term position, not a career conditional position.

The law obligates us to uphold the decision of the Board unless it is arbitrary or capricious, an abuse of discretion, or there is not substantial evidence in the record supporting the Board's findings. *See* 5 U.S.C. § 7703(c). Some evidence points in the direction asserted by the INS. One piece of evidence is a job advertisement that announced the availability of a position and stated that it was a term position; Mr. Edwards states that is not the position for which he applied, and that he told the INS employing official so. A second is an SF–50, which indicates Mr. Edwards' appointment at INS was to a term position. But the SF–50 was executed some time after Mr. Edward's transfer to the INS, and a copy of the SF–50 apparently was not issued to Mr. Edwards until nearly a month after he was removed; the delay is unexplained. The third is a "Statement of Understanding for Term Employment," which also was prepared and signed after Mr. Edwards began work at the INS.

On the other side, the record shows an SF–52, Request for Personnel Action, that appears to cite applicable regulations that indicate the position was a career conditional position. How and by whom that document was executed is unexplained. There is also a letter written to Mr. Edwards by an INS official terminating him based on his unsatisfactory conduct; that letter opens with the statement that Mr. Edwards received a career conditional appointment with the INS. The AJ dismissed the statement as a misunderstanding on the part of the writer; again, no explanation appears as to the basis for that finding.

As noted, the Board decision in this case was based on the paper record. At the hearing before this court, Government counsel candidly acknowledged that he was unable to provide further elucidation about

the record before us. Counsel for Mr. Edwards averred that further information regarding the record was forthcoming in a parallel suit being pursued by Mr. Edwards on a discrimination claim.

Even given the deference we owe the Board on review, we find the record in this case unduly sparse, and are left with an uneasy feeling about it. Mr. Edwards is now represented by counsel, who believes a full hearing before the Board would provide his client with an opportunity to present his case in a manner that he has not yet had. In the interest of justice to Mr. Edwards, so that he may properly present his case to the Board, and in fairness to the Department of Justice to give it an opportunity to clarify and support the record made by its agencies, we believe the proper course is to *vacate* the underlying decisions of the Board in this matter, and *remand* the case to the Board for further proceedings, aimed at producing a more complete and coherent record.